## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*when finding of jury as to contributory negligence controlling.* In an action for injuries sustained by plaintiff by being struck by a taxicab owned by defendant while plaintiff was attempting to cross a street, a verdict for plaintiff *held* controlling on the question whether plaintiff was guilty of contributory negligence, though it appeared from the record that the accident might have been caused by the combined negligence of the plaintiff and the driver of the car.

2. INSTRUCTIONS, § 94*—*when instruction to disregard testimony of witness inaccurately worded.* The giving of an instruction: "The court instructs the jury as a matter of law that if you believe from the evidence that any of the witnesses have wilfully testified falsely to any material fact in evidence then you will be entitled to entirely disregard any of the evidence of this witness in so far as his testimony is not corroborated by other competent evidence," *held* reversible error, in that the instruction uses the word "competent" instead of the word "credible" or other words of like import.

---

Annie Jopp et al., Appellees, v. R. H. Fairburn and Fortune Bros. Brewing Company, Appellants.

Gen. No. 5,858. (Not to be reported in full.)

Appeal from the Circuit Court of Lake county; the Hon. CHARLES WHITNEY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

## Statement of the Case.

Action by Annie Jopp and others against R. H. Fairburn and Fortune Bros. Brewing Company under section 9 of the Dramshop Act, J. & A. ¶ 4609, to recover damages for injuries to plaintiffs' means of support by reason of the death of Barthomic Jopp, husband of Anna Jopp, alleged to have been caused by intoxicating liquors sold to him by Fairburn in a building owned by the Brewing Company. From a judgment entered on a verdict in favor of plaintiff against both defendants

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

for thirteen hundred dollars, defendant Brewing Company alone appeals.

For decision in this case on a former appeal, see *Jopp v. Fairburn*, 157 Ill. App. 609.

A. F. BEAUBIEN, for appellant Fortune Bros. Brewing Company.

E. V. ORVIS, for appellees; COOKE, POPE & POPE, of counsel.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

INTOXICATING LIQUORS, § 230*—*when judgment for loss of means of support sustained by the evidence.* In an action by a widow and children against a saloon keeper, and a brewing company as owner of the building, to recover damages for loss of means of support under section 9 of the Dramshop Act, J. & A. ¶ 4609, on account of the sale of intoxicating liquors to the husband, *held* that a judgment against the defendants was sustained by evidence showing that the brewing company was owner of the building and had knowledge that intoxicating liquors were sold there.

WHITNEY, P. J., took no part in this decision.

---

## A. F. Brya, Appellee, v. James L. Thomas, Appellant.

### Gen. No. 5,861.

1.  VENDOR AND PURCHASER, § 327*—*when purchaser entitled to earnest money for failure of vendor to furnish sufficient abstract.* In an action against a vendor to recover earnest money paid under a written contract for a conveyance of land in which the vendor agreed to furnish on a certain date a complete abstract of title certified by a competent abstractor, showing a merchantable title in himself, provided if there appeared to be material defects he should have a reasonable time to clear the title and be entitled to prosecute

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.